**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4320

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CHRISTOPHER LOUIS PARK,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Wheeling.  John Preston Bailey, District Judge.  (5:22-cr-00028-JPB-JPM-1)

Submitted:  July 23, 2026                              Decided:  August 5, 2026

Before WYNN and HARRIS, Circuit Judges, and FLOYD, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:**  Adrianna K. Walter, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Wheeling, West Virginia, for Appellant.  David J. Perri, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Wheeling, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Louis Park appeals his conviction and the 180-month sentence imposed following his guilty plea to possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). On appeal, Park's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the substantive reasonableness of Park's sentence. Park has filed a pro se supplemental brief challenging his sentence on procedural and substantive reasonableness grounds. The Government now moves to dismiss based on the appeal waiver contained in Park's plea agreement. For the reasons that follow, we affirm in part and dismiss in part.

We review de novo the validity of an appeal waiver. *United States v. Soloff*, 993 F.3d 240, 243 (4th Cir. 2021). An appeal waiver "preclude[s] a defendant from appealing a specific issue if the record establishes that the waiver is valid and the issue being appealed is within the scope of the waiver." *United States v. Archie*, 771 F.3d 217, 221 (4th Cir. 2014). "A waiver is valid if the defendant knowingly and intelligently agreed to waive the right to appeal." *Soloff*, 993 F.3d at 243 (internal quotation marks omitted). "To determine whether a waiver is knowing and intelligent, we examine the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement." *United States v. Thornsbury*, 670 F.3d 532, 537 (4th Cir. 2012) (internal quotation marks omitted). "Generally, if a district court questions a defendant regarding the waiver of appellate rights

2

during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *Id.*

Our review of the record confirms that Park knowingly and intelligently executed the appeal waiver, the terms of which preclude him from appealing his conviction and sentence on any ground. Thus, we conclude that the waiver bars Park's challenge to the reasonableness of his sentence.[*]

However, an appeal waiver does not preclude a defendant from raising a colorable challenge to the validity of his guilty plea. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018); *United States v. Attar*, 38 F.3d 727, 732-33 & n.2 (4th Cir. 1994). Before accepting a guilty plea, the district court must conduct a colloquy in which it informs the defendant of, and determines that he understands, the nature of the charges to which he is pleading guilty, any mandatory minimum penalty, the maximum penalty he faces, and the rights he is relinquishing by pleading guilty. Fed. R. Crim. P. 11(b)(1); *United States v.*

---

[*] Not all valid appeal waivers are enforceable. Recently, the Supreme Court held "that an appeal waiver is unenforceable when it would result in a miscarriage of justice." *Hunter v. United States*, 608 U.S. __, __, 146 S. Ct. 1702, 1713 (2026); *see United States v. Smith*, 134 F.4th 248, 261 (4th Cir. 2025) ("We will refuse to enforce an otherwise valid appeal waiver if to do so would result in a miscarriage of justice." (citation modified)). A waived claim of sentencing error satisfies this high standard only if the error is "egregious," "obvious," and "of the type that would undermine public confidence in the judiciary." *Hunter*, 146 S. Ct. at 1713.

In this case, the district court imposed a substantial upward variance—180 months, more than 150 percent above the high end of the 57-to-71-month Sentencing Guidelines range. Though Park contends that such a significant variance renders his sentence substantively unreasonable, we discern no error that could satisfy the miscarriage-of-justice exception. Thus, we see no reason to depart from our general practice of enforcing valid appeal waivers. *Thornsbury*, 670 F.3d at 537.

3

*DeFusco*, 949 F.2d 114, 116 (4th Cir. 1991).   The court also must ensure that the defendant's plea is voluntary and supported by an independent factual basis.  Fed. R. Crim. P. 11(b)(2), (3).  Because Park did not preserve any claim of error in the plea proceedings, we review the adequacy of the plea colloquy for plain error.  *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *see Henderson v. United States*, 568 U.S. 266, 272 (2013) (describing standard).  Based on our review of the record, we conclude that Park's guilty plea was knowing, voluntary, and supported by an independent basis in fact.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal.  We therefore grant the Government's motion to dismiss in part, dismiss the appeal as to all issues within the waiver's scope, and affirm the remainder of the judgment.  This court requires that counsel inform Park, in writing, of the right to petition the Supreme Court of the United States for further review.  If Park requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Park.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

4